Upson, J.
The instrument under which the defendants claim the right to take possession of the strip of land in controversy in this action, was executed by O’Bannon for the purpose of giving the right of way through his lands, to the Columbus and Lake Erie Railroad Company. From the language used, and the circumstances undér which the grant was made we are satisfied that both parties understood that the rights granted were to be exercised at the time of the final location and construction of the railroad; that the quantity of land required by the railroad company was then to be determined, and the selection made by the engineer. O’Bannon did not intend to create an uncertain and indefinite incumbrance on all of the lands which he owned on the line of the railroad, the limits of which could only be fixed at the will of the railroad company. On this ground, therefore, we hold that the district court erred in dismissing the plaintiffs’ petition. But we place the decision of the case also upon another ground. It is a general principle that when a right of way, or other easement, is granted by deed, without fixed and defined limits, the practical location and use of such way, or easement, by the *73 grantee, acquiesced in by tbe grantor, will have tbe same legal effect as if it bad been fully described by tbe terms of tbe grant. Bannon v. Angin, 2 Allen, 128.
In tbis case tbe terms of tbe grant are general and indefinite, applicable to any, or all, of tbe lands owned by O’B&n-non on tbe line of tbe railroad; giving to the company tbe right to locate its road on any part of those lands, and giving to the engineer tbe right to select a strip of land not exeeding one hundred feet in width, for the purposes of tbe railroad.
Tbe testimony shows that tbe railroad was constructed through one jfiece of O’Bannon’s land, a strip about forty-four rods in length being used for tbe right of way, and that several years afterwards, probably about 1861, a strip of tbe land now owned by tbe plaintiffs was occupied by tbe railroad company, for tbe purpose of placing thereon a part of an embankment. Tbe use of these strips of land has been acquiesced in by O’Ban-non and tbe plaintiffs, and we bold that having thus exercised tbe rights granted by O’Bannon, tbe Columbus and Lake Erie Railroad Company cannot, nor can any of tbe defendants, as successor or assignee of that company, take possession of any other part of the plaintiffs’ land under tbis grant.

Judgment reversed and cause remanded for further proceedings.